FILED
CLERK, U.S. DISTRICT COURT
4/3/25
CENTRAL DISTRICT OF CALIFORNIA
BY: MRV DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER SCOTT KING,<br>Defendant. | CR No. 2:25-cr-00240-SB<br>I N F O R M A T I O N<br>[26 U.S.C. § 7201: Attempt to Evade and Defeat Tax; 18 U.S.C. § 1955: Operating an Illegal Gambling Business; 18 U.S.C. § 1957: Unlawful Monetary Transactions; 31 U.S.C. §§ 5363 and 5366: Acceptance of a Financial Instrument for Unlawful Internet Gambling; 26 U.S.C. § 7301, 28 U.S.C. § 2461(c), 18 U.S.C. §§ 981, 982, and 1955: Criminal Forfeiture] |

The United States Attorney charges:

COUNT ONE

[26 U.S.C. § 7201]

From on or about January 1, 2022 through on or about November 13, 2023, in the Central District of California and elsewhere, defendant CHRISTOPHER SCOTT KING, a resident of Santa Monica, California, willfully attempted to evade and defeat income tax due and owing by him and his spouse to the United

States of America, for the calendar year 2022, by committing one or more affirmative acts of evasion, including preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service. On that tax return, defendant KING reported and caused to be reported that his and his spouse’s joint taxable income for the calendar year 2022 was $143,258, and that the amount of total tax was $8,907. In fact, as defendant KING knew, he and his spouse had joint taxable income for the calendar year 2022 that was greater than the amount reported on the tax return, and as a result of such additional taxable income, there was additional tax due and owing to the United States of America.

COUNT TWO

[18 U.S.C. § 1955]

Beginning on a date unknown, but no later than 2015, and continuing to on or about May 1, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant CHRISTOPHER SCOTT KING conducted, financed, managed, supervised, directed, and owned an illegal gambling business, specifically, a bookmaking business involving taking bets on the outcomes of sporting events at agreed-upon odds in violation of California Penal Code Section 337a, which business involved at least five persons who conducted, financed, managed, supervised, directed, and owned all or part of the business; had been in substantially continuous operation by at least five persons for a period in excess of thirty days; and had gross revenue of more than $2,000 in a single day.

COUNT THREE

[18 U.S.C. §§ 1957, 2(b)]

In or around October 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant CHRISTOPHER SCOTT KING, knowingly engaged in, and willfully caused others to engage in, a monetary transaction, in and affecting interstate commerce, of a value greater than $10,000, involving funds that he knew to be criminally-derived property, and which funds, in fact, were derived from specified unlawful activity, by writing a $50,000 check, drawn from a Wells Fargo bank account, to a contracting company to develop real estate in the Los Angeles area.

COUNT FOUR

[31 U.S.C. §§ 5363, 5366]

In or around October 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant CHRISTOPHER SCOTT KING, a person engaged in the business of betting and wagering, knowingly accepted, in connection with the participation of another person in unlawful internet gambling, namely Bettor, through Betting Website, in violation of California Penal Code Section 337a, a check, draft, and similar instrument which was drawn by and on behalf of such other person and was drawn on and payable at or through TD Bank, a financial institution.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C), 1955(d) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Two of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses, or used in the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially

diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offense set forth in Count Three of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as

an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

BILAL A. ESSAYLI
United States Attorney



LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

KRISTEN WILLIAMS
Assistant United States Attorney
Chief, Major Frauds Section

JOHN C. GERARDI
CHARLES A. O'REILLY
Trial Attorneys
Tax Division
U.S. Department of Justice